**Brian HERON, Plaintiff—Appellant,**

v.

**SUPREME COURT OF CALIFORNIA; Clerk and Administration of the Supreme Court of California; Court of Appeal of the State of California, Defendants—Appellees.**

No. 04–15425.

D.C. No. CV–03–04750–WHA.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Brian Heron, San Francisco, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Brian Heron appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the California Supreme Court and the California Court of Appeals, and various administrative staff, violated his constitutional rights by rejecting his petition for rehearing pursuant to Cal. Gov't Code § 68081 resulting in an adverse state court judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003), and we affirm.

We agree with the district court's determination that Heron's action is barred by the *Rooker–Feldman* doctrine because the essence of his complaint is that the state court judgment was improper. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, — U.S. —, — – —, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005) (confining application of the *Rooker–Feldman* doctrine to parties who fail to prevail in state court and complain of injuries caused by state-court judgments). We reject Heron's contention that the court retains jurisdiction over his constitutional challenge to Cal. Gov't Code § 68081 because it is "inextricably intertwined" with his state court proceeding. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898–99 (9th Cir.2003) (citation and quotation omitted).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Heron's remaining contentions lack merit.

Heron's motion to take judicial notice, filed on May 16, 2005, is granted.

Heron's motion to file a supplemental brief is granted. The Clerk shall file the supplemental brief received on June 28, 2005.

Heron's motion to supplement the record on appeal, filed on July 28, 2005, is granted as to the September 18, 2002 California Supreme Court decision and is otherwise denied.

Heron's motion for an extension of time to file an amicus brief from Senator John Burton, filed August 31, 2005, is denied.

AFFIRMED.